**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NICK SPAGNOLO, | 2:12-cv-00184-ECR-RJJ |
| Plaintiff, | **Order** |
| vs. | |
| DR. ADAM LOUSIGNONT, | |
| Defendant. | |

## I. Background

On February 3, 2012, Plaintiff, proceeding *pro se*, filed a Motion for Leave to Proceeding *in forma pauperis* (#1). The attached Complaint (#1-1) alleges a cause of action arising under 42 U.S.C. § 1983 against Defendant Dr. Adam Lousignont and seeks relief for alleged malpractice in dental care.

## II. Discussion

**A. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (#1)**

Plaintiff's application indicates that his income from the Social Security Administration for Supplemental Security Income is $698.00 per month. He lists $1,600.00 in cash or savings. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis*, the Court will grant Plaintiff's motion (#1).

**B. Plaintiff's Complaint (#1-1)**

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (holding that 28 U.S.C. § 1915(e) requires the Court to *sue sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). A complaint that lacks any basis for federal subject matter jurisdiction is subject to dismissal pursuant to § 1915(e)(2). Cato v. United States, 70 F.3d 1103, 1106-07 (9th Cir. 1998).

The Court must dismiss Plaintiff's Complaint (#1-1) for failure to state a claim. "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted). Plaintiff has not alleged that Defendant is a state actor, nor has Plaintiff alleged a violation of a federal Constitutional or statutory right. Rather, the face of the Complaint (#1-1) reveals that Plaintiff seeks damages for violations of state law, such as negligent dental care, medical malpractice, and/or violation of Nevada's dental regulation statutes. Because Plaintiff has failed to state claim upon which relief may be granted, Plaintiff's Complaint (#1-1) must be dismissed.

### III. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED THAT** Plaintiff's Complaint (#1-1) is **DISMISSED**.

The Clerk shall enter judgment accordingly.

DATED: May 24, 2012.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE